IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JONATHAN LEE PIERSON                                                    PLAINTIFF

v.                                                              CIVIL ACTION NO. 1:19-CV-00085-GHD-RP

ITAWAMBA COUNTY, MISSISSIPPI; et al.                                    DEFENDANTS

## OPINION

Presently before the Court is the Defendant John Bishop's Motion for Judgment on the Pleadings [18], the Defendant Larry Johnson's Motion for Rule 7 Reply and Discovery Relief [22], which includes an assertion of qualified immunity, and the Defendants' motion for judgment on the pleadings to dismiss duplicate official capacity claims [20]. Upon due consideration, the Court finds that the motions should be granted as set forth below.

### I.  *Factual and Procedural Background*

The Plaintiff brings this action for, *inter alia*, wrongful arrest pursuant to 42 U.S.C. § 1983 against the Defendants (which include Itawamba County, the Sheriff of Itawamba County, a Deputy Sheriff, and a Justice Court Judge in Itawamba County) alleging that he was wrongfully arrested and denied due process in connection with his arrest on October 25, 2017, for disorderly conduct, failure to comply, and pursuant to an outstanding warrant for his arrest [Compl., Doc. 1, at pp. 1-3; Doc. 22].

On October 25, 2017, the Plaintiff was arrested in Fulton, Mississippi, by the Defendant Deputy Sheriff Larry Johnson and charged with disorderly conduct and failure to comply, after twice failing to provide identification and after Deputy Johnson determined that the Plaintiff had an outstanding warrant for his arrest pending in Lee County [Doc. 22 - Exhs. 1, 2, and 3]. The Plaintiff then appeared for trial before the Itawamba County Justice Court on December 17, 2017,

on a charge of disturbing the public peace, in violation of Miss. Code Ann. § 97-35-15 [Doc. 1, at p. 5]. The Plaintiff was convicted of the charge and fined $283.75 [Doc. 22-2]. The Defendant Justice Court Judge John Bishop presided over the Plaintiff's trial. The Plaintiff has appealed his conviction within the state court system; the appeal remains pending [Doc. 22-2].

The Plaintiff then filed the present action on April 29, 2019, naming Itawamba County as a Defendant, along with the Sheriff in his official capacity, the arresting Deputy in his individual capacity, and the presiding Justice Court Judge in his official capacity. The Defendants have now filed the presently pending motions.

## *II.   Analysis and Discussion*

### a. Defendant John Bishop's Motion for Judgment on the Pleadings

The Plaintiff asserts that Itawamba County Justice Court Judge John Bishop violated the Plaintiff's constitutional rights by refusing the Plaintiff's request to videotape the proceedings at his trial on a misdemeanor charge of disturbing the peace, and for various rulings Bishop made from the bench at the Plaintiff's trial [Doc. 1, at pp. 8, 10]. Bishop has moved for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, on the basis of judicial immunity.

A motion for judgment on the pleadings pursuant to Rule 12(c) employs the same standard as for a motion to dismiss under Rule 12(b)(6). *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015). When deciding a Rule 12(b)(6) motion to dismiss or Rule 12(c) motion for judgment on the pleadings, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216– 17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore must contain sufficient factual matter,

2

accepted as true, to state a claim to relief that is plausible on its face." *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955).

In the case *sub judice*, the Defendant Bishop asserts judicial immunity as a defense to the Plaintiff's claims. The United States Supreme Court affirmed the principle of judicial immunity in *Mireles w. Waco*, 502 U.S. 9, 10 (1991), holding that judicial officers are immune from civil liability for acts performed in the exercise of their judicial function. Mississippi state courts have likewise long recognized judicial immunity as granting immunity from civil suits for judicial actions. See, e.g., *Loyacono v. Ellis*, 571 So. 2d 237, 238 (Miss. 1990) (noting that judicial immunity is "fully recognized in Mississippi"). In addition, the Mississippi Tort Claims Act states that "[a] governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim arising out of a . . . judicial action or inaction . . ." Miss. Code Ann. § 11-46-9-(1)(a). Two exceptions to judicial immunity exist: first, a judicial officer is not immune from liability for nonjudicial actions; and second, a judicial officer is not immune for actions taken in the complete absence of jurisdiction. *Mireles*, 502 U.S. at 11.

Four factors dictate whether a judicial officer's complained-of actions are judicial in nature: (1) if the act is a normal judicial function; (2) if the acts occurred in a courtroom or other judicial space; (3) whether the complained-of acts relate to a case pending before the judicial officer; and (4) whether the acts relate directly to an appearance before the judicial officer in his

3

official capacity. *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993). Here, the actions of which the Plaintiff complains were all judicial actions taken within the course and scope of Judge Bishop's duties as a Justice Court Judge in Itawamba County. The Plaintiff appeared before Bishop in Bishop's judicial capacity, the complained-of actions occurred in a courtroom, and the actions were all related to an action pending in Judge Bishop's court – the Plaintiff's trial on a misdemeanor charge of disturbing the peace. Further, the Plaintiff does not allege that Judge Bishop was without jurisdiction to adjudicate the proceedings involving the Plaintiff – in Mississippi, a justice court judge possesses jurisdiction over criminal matters concurrent with the local circuit court "of all crimes occurring in the court whereof the punishment prescribed does not extend beyond fine and imprisonment in the count jail." Miss. Code Ann. § 99-33-1.[1] The Plaintiff here is, in essence, complaining of rulings that Judge Bishop made in his judicial capacity during the Plaintiff's proceeding regarding a charge of disturbing the peace; the proper avenue for relief regarding any such claims is an appeal of his conviction. The Plaintiff has appealed his conviction – the appeal remains pending [Doc. 37, at p. 4].

To the extent the Plaintiff seeks declaratory relief regarding Judge Bishop's actions or inaction, the Plaintiff is essentially asking this Court to review a pending state court criminal action and issue an advisory opinion regarding rulings Bishop made during the Plaintiff's trial. This Court declines to do so – as the Supreme Court made clear in *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) and the Fifth Circuit made clear in *Sherwin-Williams Co. v. Holmes County*, 343

---

[1] To the extent the Plaintiff asserts a claim against Itawamba County for the actions of Judge Bishop pursuant to 42 U.S.C. § 1983 under *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978) and its progeny, it is axiomatic that a "local judge acting in his or her judicial capacity is not considered a local government official whose actions are attributable to the county." *Burns v. Mayes*, 369 Fed. App'x 526, 531 (5th Cir. Feb. 8, 2010); *Krueger v. Reimer*, 66 F.3d 75, 77 (5th Cir. 1995); *Carroll v. Tippah County*, No. 3:16CV260-DMB-JMV, 2017 WL 8159324, at *2 (N.D. Miss. Oct. 23, 2017). Accordingly, because the Plaintiff alleges in his Complaint that Defendant Bishop "was at all times for the actions complained of acting under color of state law," any such Section 1983 claim against Itawamba County based on Judge Bishop's actions or inaction is likewise without merit. [Compl., Doc. No. 1, at p. 2].

4

F.3d 383, 387-89 (5th Cir. 2003) and *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994), a district court's discretion to award declaratory relief should not be exercised when, *inter alia*, there is a pending state court action in which the matters in controversy may be fully litigated and when the purposes of judicial economy will not be served, nor when the district court is being called upon to construe a state court judgment when a parallel state court action is pending. *St. Paul Ins. Co.*, 39 F.3d at 590-91. Here, the aforementioned factors weighing against the Court's discretion to award declaratory relief are present: the Plaintiff's appeal of his conviction is still pending within the state court system; and the Plaintiff is requesting that this Court construe a state court judgment while that appeal is still pending. Accordingly, the Court finds that a declaratory judgment regarding Judge Bishop's judicial actions is not appropriate, and the Plaintiff's request for such relief is denied.

Accordingly, the Court finds that the Defendant John Bishop's motion for judgment on the pleadings is well-taken and shall be granted; Bishop shall be dismissed as a Defendant.

### b. Defendants' Motion to Dismiss Duplicate Official Capacity Claims

The Plaintiff has named the Sheriff of Itawamba County as a Defendant in his official capacity [Doc. 1].[2] As the Defendants note, the proper defendant for official capacity claims in an action such as this is the subject governmental entity – in this case Itawamba County, which is likewise named as a Defendant [Doc. 1]. As both federal and state courts in Mississippi have long made clear, Sheriff's departments "are not subject to suit because they do not enjoy a separate legal existence apart from their respective cities or counties." *Fuhgetaboutit, LLC v. Columbus*

---

[2] The Defendants assert that the arresting Deputy Sheriff Larry Johnson has been sued in his official capacity; the Plaintiff's Complaint makes clear, however, that Deputy Johnson has been sued solely in his individual capacity [Doc. 1]. He has filed a separate motion to dismiss the claims pending against him pursuant to, *inter alia*, qualified immunity [22]. Accordingly, this motion does not apply to the Plaintiff's pending claims against Deputy Johnson. Likewise, while the Plaintiff has sued the Defendant Judge John Bishop in his official capacity, the Court has ruled, *infra*, that Bishop should be dismissed as a Defendant.

*Police Dep't*, No. 1:10CV207-SA-JAD, 2011 WL 4529665, at *2 (N.D. Miss. Sept. 28, 2011); *Brown v. Thompson*, 927 So. 2d 733, 737 (Miss. 2006) (affirming dismissal of Bolivar County Sheriff's Department as defendant). In other words, when both a local official and the subject governmental entity are sued in their official capacities, the claims are duplicative and the official should be dismissed in his official capacity from the litigation. *Breland v. Forrest County Sheriff's Department*, No. 2:10CV303-KS-MTP, 2013 WL 1623997 (S.D. Miss. Apr. 15, 2013).

Accordingly, the Court finds that the Defendants' motion should be granted – the Plaintiff's official capacity claims against the Defendant Sheriff are properly asserted solely against the Defendant Itawamba County, and those claims remain pending; the claims against Sheriff Chris Dickinson shall be dismissed and he is dismissed as a Defendant in this action.

### c. Defendant Deputy Larry Johnson's Motion for Relief

The Plaintiff asserts a claim for wrongful arrest. The arresting Deputy Sheriff, Larry Johnson, who is named as a Defendant in his individual capacity, moves the Court to, *inter alia*, rule that he is entitled to qualified immunity. The sole specific allegation the Plaintiff makes against Deputy Johnson in the complaint is that Johnson arrested the Plaintiff on a charge of disorderly conduct, for which he was later convicted. Johnson avers, supported by record evidence, that the Plaintiff also had an outstanding warrant for his arrest [Doc. 22-2, 22-3].

"[Q]ualified immunity serves to shield ... government officials from civil liability for damages based upon the performance of discretionary functions if the official's acts were objectively reasonable in light of then clearly established law." *Thompson v. Upshur County, Texas*, 245 F.3d 447, 456 (5th Cir. 2001); see *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016) ("Qualified immunity protects officers from suit unless their conduct violates a clearly established constitutional right.") (quoting *Mace v. City of Palestine, Tex.*, 333 F.3d 621, 623 (5th Cir. 2003)).

6

Qualified immunity calls for a bifurcated test in which the court must first determine (1) "whether the plaintiff has alleged a violation of a clearly established statutory or constitutional right that was clearly established at the time of the challenged conduct and, if so, (2) whether the defendant [official's] conduct was objectively unreasonable." *Ashcroft v. al–Kidd*, 563 U.S. 731 (2011); *Palmer v. Johnson*, 193 F.3d 346, 351 (5th Cir. 1999). "Once a defendant asserts the qualified immunity defense, '[t]he plaintiff bears the burden of negating qualified immunity.'" *Id.* (quoting *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010)). "Despite this burden-shifting, all reasonable inferences must be drawn in the non-movant plaintiff's favor." *Id.* (citing *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010).

In the case *sub judice*, it is axiomatic that a law enforcement officer with knowledge of an outstanding arrest warrant may effect an arrest. *Duckett v. City Cedar Park*, 950 F.2d 272, 280 (5th Cir. 1992) (granting qualified immunity to officer and holding that outstanding warrant provides probable cause for arrest). The Plaintiff does not dispute that a valid warrant for his arrest was outstanding. Instead, the Plaintiff argues that because he was videotaping his surroundings at the time of his arrest, and that the First Amendment permits citizens to videotape police officers, citing *Turner v. Driver*, 848 F.3d 678, 683 (5th Cir. 2017) (holding that First Amendment right to videotape exists, subject to reasonable time, place, and manner restrictions), he should have effectively been immune from arrest so long as he was videotaping, despite the existence of an outstanding warrant for his arrest. This is plainly incorrect. *Duckett*, 950 F.2d at 280.

Accordingly, the Court finds that the Plaintiff has failed to meet his burden to negate Deputy Johnson's invocation of qualified immunity. The Plaintiff has failed to show that Deputy Johnson's conduct regarding the Plaintiff's arrest was objectively unreasonable – Johnson arrested the Plaintiff pursuant to an outstanding warrant for the Plaintiff's arrest, a warrant Johnson had

knowledge of at the time. The Fifth Circuit has clearly held that qualified immunity is appropriate under these circumstances. *Duckett*, 950 F.2d at 280. The Court therefore finds that Johnson is entitled to qualified immunity and dismissal from this litigation.

### *III.  Conclusion*

In sum, for all of the foregoing reasons, the Court finds that (1) the Defendant Justice Court Judge John Bishop's motion for judgment on the pleadings shall be granted and he shall be dismissed as a Defendant; (2) the Defendants' motion to dismiss duplicative official capacity claims shall be granted, and the Sheriff of Itawamba County, Chris Dickinson, shall be dismissed as a Defendant; and (3) the Defendant Deputy Larry Johnson's motion for relief, specifically the portion of the motion invoking qualified immunity, shall be granted, and Deputy Johnson shall be dismissed as a Defendant. The Plaintiff's claims against Defendant Itawamba County shall proceed, with Itawamba County as the sole remaining Defendant in this litigation.

An order in accordance with this opinion shall issue this day.

THIS, the 2 day of June, 2020.

SENIOR U.S. DISTRICT JUDGE